## Duncan St. Clair v. Hotchkiss et al.

Defendants in error being entitled, in causes brought to this court for delay, to judgment against the plaintiff in error and his sureties on his bond for the amount adjudged him in the court below, and ten per cent. damages thereon, it has been the uniform practice in this court, in case of the death of a surety to the writ-of-error bond pending the writ, (or appeal,) to permit his personal representatives to be parties to the record, in like manner as if they were parties to the suit, and, on a final disposition of the case, to give judgment against them, in their representative character, to the extent of liability incurred by the intestate. (Paschal's Dig., Arts. 1573, 1580, Notes 608, 612.)

The only rule given by the statute is in the last clause of Art. 1573; but parties are not to be left remediless, but have the rights which have been prescribed by rules or grown into practice.

We have decided during the present term, that unless a representative has been served with *scire facias* to revive five days before the court he is not liable to answer at the return term.

Defendants in error are entitled to forty days' notice by statute. (Paschal's Dig., Art. 1587, Note 614.)

It is but reasonable that the representative should have forty days from service to prepare for his defense; therefore, in the absence of any previous rule, the following rule of practice is announced under the power to prescribe rules given by the 20th section of the act of 12th May, 1846, to organize the Supreme Court, (Paschal's Dig., Art. 1578, Note 610,) viz: "Where the death of a party has been suggested during a term of the court, and a *scire facias* has been ordered for his legal representative, and said representative has not voluntarily appeared and made himself a party, the cause will be continued unless the *scire facias* shall have been served forty days before the first day of the time in said term designated by the court for the trial of causes from the district from which said cause has been brought."

Error from Williamson. The case was tried before Hon. Edward H. Vontress, one of the district judges.

The defendants in error suggest delay, and move to submit the cause, asking an affirmance with damages against the plaintiff in error, and also for a judgment against the administrator of a deceased surety of the plaintiff in error on his bond in error. The opinion of the court relates only to the question of practice involved in the motion for

judgment against the administrator, and states fully all pertinent facts.

Moore, C. J.—On the 12th day of October, at the present term of this court, the defendants in error, by their counsel, suggested the death of James P. Wormack, one of the sureties to the writ-of-error bond, and asked of the court an order for a writ of *scire facias* to the legal representative of said decedent; which order was on the same day granted by the court. On the next day *scire facias* was accordingly issued to William H. Wormack, administrator of James P. Wormack, deceased, commanding him to appear at the present term of the court, "to do and perform what may by our said court be adjudged against him." And on the 31st day of said month said writ was returned into court with the following indorsement thereon, to wit: "I accept service of the within citation, William H. Wormack, administrator of the estate of James P. Wormack, deceased."

On the 19th day of November, when this cause was reached on the regular call of the docket in the order assigned for the disposal of the business of the court, the plaintiff in error not appearing, and no appearance having been made by said William H. Wormack, administrator of said James P. Wormack, deceased, the defendants in error, by their counsel, moved to submit the case to the court upon a suggestion of delay, and asked an affirmance of the judgment with damages against the plaintiff in error, and also for a judgment against said William H. Wormack, as administrator of said James P. Wormack, as a surety on the writ-of-error bond.

Defendants in error being entitled, in causes brought to this court for delay, to judgment against the plaintiff in error and the sureties in his bond, for the amount adjudged him in the court below and ten per cent. damages thereon, it has been the uniform practice in this court, in case of

the death of a surety to the writ-of-error bond, pending the writ, to permit his personal representative to be made a party to the record, in like manner as if he were a party to the suit, and on a final disposal of the case to give judgment against him in his representative character to the extent of liability incurred by his intestate. The only question therefore presented at this time for our consideration is, whether the administrator of the deceased surety has had such notice as to authorize a judgment against him at the present term of this court. The statute providing against abatement of suits in the Supreme Court, as was said in the case of Teas v. Robinson, 11 Tex., 775, s very imperfect; the only provision applicable to such cases is that authorizing the clerk, when the plaintiff or defendant in a pending cause shall die, to issue process, on application during the recess of the court, to enable the court to proceed to final judgment in the name of the representative of the deceased person. (O. & W. Dig., Art. 1909.) It is not to be inferred, however, that parties are altogether without remedy in other cases; but in cases not coming within the law to which we have just adverted, the remedy is to be found in the rules of proceeding for its government established by authority of law conferred on his court, and such as have grown into habitual use in conformity with the general usage and practice of the court, and in the analogy to these where questions arise which have not been previously definitely settled by such established rules and practice.

We do not find the rule laid down by which the court has been heretofore guided in questions of this kind n any of the published reports of its decisions. And although we have caused an examination to be made of the entries in delay cases on the dockets of this branch of the court, no case has been brought to our attention in which judgment has been entered against a party on service of *scire facias* issued during the term, unless he has

appeared and made himself a party. This seems at least persuasive evidence that it has not been the practice of the court to enter judgment in such cases. And we have decided during the present term of the court, that judgments in the District Court can only be given against the representatives of a deceased party on service of *scire facias* for the same length of time prior to the term at which judgment is rendered as is required in the citation to the original defendant. If a party is entitled to notice before a judgment can be rendered againt him, this notice should be for such reasonable length of time as will enable him properly to prosecute or defend the suit to which it is sought to make him a party. If the defendant in error should die before the service of citation in error has been perfected, the transcript need not be brought in any case to this court until the expiration of forty days from the service of the writ upon his representative. That length of time has been allowed by the statute to the parties who bring their causes by writ of error or appeal to this court, after the appeal or service of the writ of error has been perfected, to prepare their cases and bring transcripts to this court. We think it but reasonable to allow the same time to the personal representatives of deceased parties, who are asked to be made parties to the record while the case is pending in this court, to acquaint themselves with the merits of the case and prepare for its prosecution or defense. If a party in a pending case die during vacation, his representative may, under the provision of the statute to which we have heretofore referred, be made a party, if diligence be used to this end. But if the representive to be charged has qualified within forty days previous to the calling of the case, we are of opinion that greater hardship and injustice might result from forcing the case to trial than in permitting it to stand continued until the succeeding term of the court for the appearance of such representatives.

We therefore announce the following as the rule of practice of the court on this subject, viz: Where the death of a party has been suggested during a term of the court, and a *scire facias* ordered for his legal representative, and said representative has not voluntarily appeared and made himself a party, the cause will be continued, unless the *scire facias* shall have been served forty days before the first day of the time in said term designated by the court for the trial of causes from the district from which said cause has been brought.

The *scire facias* not having been served for sufficient length of time on the administrator of James P. Wormack to authorize the court to enter judgment against him, the motion to submit the cause is refused, and the same will stand continued until the next term of the court.

CONTINUED.